## American Tr. Ins. Co. v Nexray Med. Imaging PC

2024 NY Slip Op 30293(U)

January 23, 2024

Supreme Court, New York County

Docket Number: Index No. 653969/2022

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JUDY H. KIM                              PART          05RCP

                                              *Justice*

-----------------------------------------------------------------X

AMERICAN TRANSIT INSURANCE COMPANY,                INDEX NO.      653969/2022

                    Plaintiff,                     MOTION DATE        N/A

             - v -                                 MOTION SEQ. NO.     001

NEXRAY MEDICAL IMAGING PC, D/B/A SOUL
RADIOLOGY, A/A/O TIFFANY JACKSON,                   **DECISION + ORDER ON
                                                          MOTION**
                    Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 11, 12, 13, 14, 15
were read on this motion to _____ VACATE AWARD _____.

Upon the foregoing documents, the petition to vacate the underlying arbitration award is

denied for the reasons set forth below.

This action arises from a motor vehicle accident on December 2, 2018 in which

respondent's assignor, Tiffany Jackson, sustained injuries. Respondent sought first-party no-fault

benefits reimbursement from petitioner in the amount of $1,571.78 for medical treatment on

January 3, 2019, which claim was denied.

This claim was then submitted to arbitration and on April 25, 2022, Arbitrator Christopher

Persad issued an award in favor of respondent (the "Award") stating, in pertinent part, as follows:

> The parties stipulated that Applicant established a prima facie case of entitlement
> to No-Fault compensation with respect to its bill. They also stipulated that
> Respondent's Form NF-10 denial of claim form was timely issued. Additionally,
> they stipulated that should the Applicant prevail, interest would accrue as of the
> date noted on the initiation letter.
>
> ...

653969/2022   AMERICAN TRANSIT INSURANCE COMPANY, vs. NEXRAY MEDICAL IMAGING        Page 1 of 7
PC
Motion No. 001

1 of 7

[* 1]

Respondent issued a denial indicating that benefits were denied because the EIP failed to appear for multiple scheduled medical examinations.

11 NYCRR sec. 65-1.1 provides: "no action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage." 11 NYCRR sec. 65-3.5 (d) states, "If additional verification required by the insurer is a medical examination, the insurer shall schedule the examination to be held within 30 calendar days from the date of receipt of the prescribed verification forms."

Applicant argues that Respondent failed to comply with the above requirement as the first IME was scheduled to be held on March 7, 2019, beyond thirty days from receipt of the instant claim (January 23, 2019). They submitted a brief supporting their contention, as well as numerous AAA awards in favor of their assertion. Respondent presented no arguments in opposition.

I therefore find that the Respondent's policy defense due to the EIP's failure to attend the scheduled IMEs has not been established.

It should be noted that Respondent asserts that Applicant's claim should fail due to the referenced indictment (USDC Southern District of NY: 22Crim 019). I do not agree. An indictment is not a conviction and I give it no weight. Further, Respondent argues that the indictment alone should be reflective of Applicant's credibility, however, I fail to see what effect Applicant's credibility has to Respondent's failure to establish that they timely noticed the claimant T.J., for an IME.

(NYSCEF Doc. No. 3 [Arbitration Award] [emphasis added]).

The Award was affirmed by Master Arbitrator Jeffrey Grob on July 21, 2022. The Master

Arbitration Award stated, in pertinent part, that:

A review of the Record demonstrates that the Arbitrator below carefully examined and evaluated the positions asserted by the respective parties, together with the evidence adduced in support thereof, and reasonably concluded that the carrier failed to adhere to the strict claim procedures set forth in 11 NYCRR § 65-3.5 (b & d) regarding the scheduling of IMEs, and, consequently rejected its policy breach defense.

Appellate case law supports the Lower Arbitrator's view. (See, W.H.O. Acupuncture, P.C. v Travelers Home & Marine Ins. Co., 36 Misc3d 152[A] [App. Term 2nd Dept. 2012]; see also, American Tr. Ins. Co. v Vance, 131 AD3d 849, 850 [1st Dept. 2015])

653969/2022   AMERICAN TRANSIT INSURANCE COMPANY, vs. NEXRAY MEDICAL IMAGING PC

Motion No.  001

Page 2 of 7

2 of 7

The *ipse dixit* contention by Appellant's counsel that the initial IME notice was timely with respect to some other unspecified and undocumented claim fails for want of supportive proof. Moreover, factual representations of counsel are devoid of probative force where, as here, there is no indication of personal knowledge of the underlying facts. (See, Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).

Curiously, Appellant's counsel posits: "Contrary to plaintiff's specific contention, defendant was entitled to request the IMEs prior to its receipt of plaintiff's claim forms" (Appellant's brief [6/30/22] p 8 [emphasis supplied]). It should be noted, however, that the IME notices under review issued following the receipt of the provider's claim forms and impermissibly served to schedule the examinations sought for a date at variance with the mandate of 11 NYCRR § 65-3.5 (b & d).

Lastly, the Appellant's contention that the Award was incomplete is belied by the Lower Arbitrator's categorical rejection of the "evidence" proffered in support of the insurer's lay ownership defense. The submission of an indictment is not proof of its contents, and standing alone, is but an accusatory instrument, not a finding of guilt. Significantly, an "[i]ndictment has no probative or evidentiary value (see, People v Sanders, 213 A.D.2d 432, 622 N.Y.S.2d 986; People v James, 197 A.D.2d 429, 602 N.Y.S.2d 610)." (People v Logan, 221 AD2d 662, 663 [2nd Dept. 1995]).

Keeping in mind the relevant law and the limited scope of review available in this context, the undersigned concludes that the disposition reached below was well premised on a reasonable interpretation of the evidence and was neither irrational nor incomplete.

(NYSCEF Doc. No. 4 [Master Arbitration Award]).

Petitioner now seeks to vacate the Award, pursuant to CPLR §7511. Petitioner first argues that the arbitrators erred in concluding that its disclaimer of coverage based on assignor's failure to appear for an IME was invalid, because petitioner established that the IME scheduling letters were properly mailed to the claimant. Petitioner also argues that the arbitrators erred as a matter of law in rejecting petitioner's argument that an indictment commencing a criminal action, United States of America v Bradley Pierre et al, in the United States District Court for the Southern District of New York under index 1:22cr19,[1] which alleged that the defendants (whose connection with

---

[1] Although petitioner fails to submit this indictment here, the Court takes judicial notice of same (See e.g., RGH Liquidating Trust v. Deloitte & Touche LLP, 71 A.D.3d 198, 207-208 [1st Dept 2009], rev'd on other grounds 17 NY3d 397 [2011]).

**653969/2022 AMERICAN TRANSIT INSURANCE COMPANY, vs. NEXRAY MEDICAL IMAGING PC** **Page 3 of 7**
**Motion No. 001**

the respondents herein is unclear) participated in a scheme to use their medical professional corporations to, inter alia, bill insurance companies for unnecessary and excessive medical treatments and falsify clinical findings of injuries in MRIs, established petitioner's "founded belief" that the subject claim was the result of fraud.

Respondent opposes the Petition and cross-moves to confirm the arbitration award. Respondent also seeks attorney's fees in connection with its opposition to the petition, pursuant to 11 NYCRR §65-4.10(j)(4)

## DISCUSSION

"Judicial review of arbitration awards is extremely limited" (O'Neill v GEICO Ins. Co., 162 AD3d 776, 777-78 [2d Dept 2018] [internal citations and quotations omitted]). The four grounds for vacating an arbitral award pursuant to CPLR §7511(b)(1) are "(i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection."

Vacatur of an award pursuant to CPLR §7511(b)(1)(iii) is warranted "only if [the award] violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power. An award is irrational when there is no proof whatever to justify the award" (O'Neill v GEICO Ins. Co., 162 AD3d 776, 777-78 [2d Dept 2018]) "Where, as here, an arbitration award is the product of compulsory arbitration, the award must satisfy an additional

653969/2022   AMERICAN TRANSIT INSURANCE COMPANY, vs. NEXRAY MEDICAL IMAGING PC
Motion No. 001

Page 4 of 7

[* 4]

4 of 7

layer of judicial scrutiny—it must have evidentiary support and cannot be arbitrary and capricious" (Id. [internal quotations and citations omitted]).

Here, petitioner has failed to "establish that the arbitrators' decisions were so imperfectly executed that a final and definite award upon the subject matter submitted was not made or that the lower arbitrator exceeded his or her powers" (Country-Wide Ins. Co. v A.O.T. Chiropractic, 2017 WL 1363060 [Sup Ct, NY County 2017]). The arbitrator's determination that petitioner's undisputed failure to timely schedule the assignor's IME precluded petitioner from disclaiming coverage based on the assignor's failure to appear for that IME was "supported by the evidence and applicable caselaw" (Id. citing Ntl. Liability & Fire Ins. Co. v Tam Med. Supply Corp., 131 AD3d 851 [1st Dept 2015]; see also Am. Tr. Ins. Co. v Longevity Med. Supply, Inc., 131 AD3d 841 [1st Dept 2015]; Am. Tr. Ins. Co. v Vance, 131 AD3d 849, 850 [1st Dept 2015]).

Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 (1st Dept 2011), cited repeatedly by petitioner, does not support a contrary conclusion. That case stands for the principle that an insurer may, at any time, disclaim coverage due to an assignor's failure to appear for an IME; it does not, however, relieve an insurer of its obligations to timely schedule such an IME. Tellingly, in Unitirin, plaintiff insurer affirmatively established that it had "requested IMEs in accordance with the procedures and time frames set forth in the no-fault implementing regulations" (Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011]).

Finally, petitioner's argument that the arbitrator erred in failing to credit the federal indictment submitted by petitioner is also without merit. The Court finds no error of law in either arbitrators' conclusion that this indictment was insufficient to establish a fraud defense by a preponderance of the evidenceᵉ (Compare Rubin v Utica Mut. Ins. Co., 10 Misc 3d 139(A) [App

653969/2022 AMERICAN TRANSIT INSURANCE COMPANY, vs. NEXRAY MEDICAL IMAGING PC
Motion No. 001

Page 5 of 7

5 of 7

[* 5]

Term, 2d Dept 2005] [affidavit of defendant's claims specialist and a copy of the transcript of the examination under oath of plaintiff's assignor sufficient to demonstrate that defense was based upon a "founded belief that the alleged injur[ies] do[ ] not arise out of an insured incident"] and Melbourne Med., P.C. v Utica Mut. Ins. Co., 4 Misc 3d 92 [App Term, 2d Dept 2004] ["defendant failed to adduce proof in admissible form sufficient to create a triable issue of fraud, having submitted no affidavit by anyone with personal knowledge of the investigation" but only hearsay affirmation of attorney]).

In light of the foregoing, the Court denies the Petition and grants respondent's cross-petition to confirm the Award (CPLR §7511[e]).

Accordingly, it is hereby

**ORDERED** and **ADJUDGED** that the petition is denied and dismissed; and it is further

**ORDERED** and **ADJUDGED** that the cross-petition to confirm the Master Arbitration Award is granted; and it is further

**ORDERED** that respondent Nexray Medical Imaging PC, having an address at 135-25 79th Street, Howard Beach, NY 11414, shall recover from petitioner American Transit Insurance Company, having an address at One Metro Tech Center, 7th Fl. Brooklyn, NY 11201, the amount of $ 1,571.78, plus interest at the rate of 9% per annum from the date of April 25, 2022, as computed by the Clerk in the amount of $ _____, together with costs and disbursements in the amount of $_____ as taxed by the Clerk, for the total amount of $_____, and that the respondent have execution therefor; and it is further

**ORDERED** that respondent shall submit an affirmation setting forth their reasonable attorneys' fees in defending this action within thirty days, and it is further

**653969/2022  AMERICAN TRANSIT INSURANCE COMPANY, vs. NEXRAY MEDICAL IMAGING PC**
**Motion No. 001**

**Page 6 of 7**

6 of 7

**ORDERED** that, within twenty days from entry of this decision, order, and judgment respondent shall serve a copy of this decision, order, and judgment, with notice of entry on petitioner as well as the Clerk of the General Clerk's Office (60 Centre Street, Room 119) and the Clerk of the Court (60 Centre Street, Room 141B); and it is further

**ORDERED** that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision, order, and judgment of the Court.

| 1/23/2024 | | | |
|---|---|---|---|
| DATE | | HON. JUDY H. KIM, J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

653969/2022 AMERICAN TRANSIT INSURANCE COMPANY, vs. NEXRAY MEDICAL IMAGING PC
Motion No. 001

Page 7 of 7

7 of 7

[* 7]